IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA



| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| | : | |
| v. | : | 1:25CR287-1 |
| | : | |
| ~~FELI~~ WEI-LIAN SUNG | : | |

FELIX
Mao
8.25.25

The Grand Jury charges:

Beginning on or about February 16, 2013 and continuing up to and including on or about November 8, 2024, the exact dates to the Grand Jurors unknown, in the County of Durham, in the Middle District of North Carolina, and elsewhere, FELIX WEI-LIAN SUNG did knowingly possess any material which contained an image of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), that involved a prepubescent minor and a minor who had not attained 12 years of age, that had been shipped and transported using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce by any means, including by computer, and was produced using materials that have been mailed, and shipped and transported in and affecting interstate or foreign commerce by any means, including by computer; in violation of Title 18, United States Code, Section 2252A(a)(5)(B) and (b)(2).

## FORFEITURE ALLEGATION

1. The factual allegations contained in this Indictment are realleged and by this reference fully incorporated herein for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 2253.

2. Upon conviction of the offense alleged in this Indictment, the defendant, FELI WEI-LIAN SUNG, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 2253(a), all visual depictions described in Title 18, United States Code, Sections 2251, 2251A, 2252, 2252A, 2252B, or 2260, and any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of Chapter 110 of the United States Code; any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and any property, real or personal, used or intended to be used to commit or promote the commission of the offense or any property traceable to such property.

3. The property subject to forfeiture pursuant to paragraph 2 above may include, but shall not be limited to, the following property of the defendant seized on or about November 8, 2024:

   a. Apple iPad 4, serial number DMPJKVYWF18

   b. Power Mac G5 A1047, serial number RM431ZGBQPM

c. Hitachi HTS Hard Drive, serial number 722020K9SA00

d. Crucial Hard Drive, serial number 1914E1F7A789

e. Touro Hard Drive, serial number 6P1G5L8N

f. Toshiba Hard Drive, serial number 82AHFNKNS

g. Seagate Hard Drive, serial number NA0L35P9

h. Western Digital Hard Drive, serial number WCANK9751853

i. Macbook Pro Model A1398, serial number C02JQJEWDKQ1.

All in accordance with Title 18, United States Code, Section 2253, Rule 32.2, Federal Rules of Criminal Procedure, and Title 28, United States Code, Section 2461(c).

DATED: August 25, 2025

CLIFTON T. BARRETT
United States Attorney

BY: KARLA PAINTER
Assistant United States Attorney

A TRUE BILL:

_____
FOREPERSON

3